**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRIDGET CLARK, for herself and a class, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FINANCIAL ASSET | ) |
| RESOLUTIONS, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.        Plaintiff Bridget Clark seeks redress from violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and Fair Debt Collection Pratices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), committed by defendant Financial Asset Resolution, LLC ("FAR").

### JURISDICTION AND VENUE

2.        This Court has jurisdiction under 28 U.S.C. §§1331 and 1337.  *Mims v. Arrow Financial Services LLC*, 132 S. Ct. 740, 751-753 (2012); *Brill v. Countrywide Home Loans Inc.*, 427 F.3d 446 (7th Cir. 2005).

3.        Venue and personal jurisdiction in this District are proper because defendant is located here, and the communications complained of took place here.

### PARTIES

4.        Bridget Clark lives in the Northern District of Illinois.

5.        FAR  is an Illinois limited liability company.  Its registered agent is Austin C. Mansur, 875 N. Michigan Avenue, Suite 3620, Chicago, Illinois 60611.

### FACTS

6.        FAR has been placing debt collection calls to plaintiff Bridget Clark, regarding a consumer debt on behalf of Household Bank.

7.        Plaintiff can not identify any such debt that she might owe, and believes that

defendant may be calling the wrong person.

8.      Beginning June 2013, FAR placed multiple autodialed calls to Ms. Clark's cell phone.

9.      During at the least one of the telephone conversations, FAR's employee told Ms. Clark she would go to jail if she did not pay the debt.

10.     On information and belief, the calls were placed using predictive dialers, which place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

11.     There was a slight delay between the time Plaintiff answered the messages and the time a person came on the other end of the line.  This is characteristic of a predictive dialer.

12.     Ms. Clark did not authorize the automated placement of calls to her cell phone.

13.     Ms. Clark did not furnish her cell phone number to FAR, or to any alleged creditor or debt collector on the debt FAR was trying to collect.

14.     The calls continued, even after Plaintiff requested that the calls cease on several occasions.

15.     Ms. Clark, and other Illinois residents subjected to the same treatment by defendant, are entitled to statutory damages.

16.     FAR violated the TCPA even if its actions were only negligent.

17.     FAR should be enjoined from committing similar violations in the future.

## COUNT I – TCPA  – CLASS CLAIM

18.     Plaintiff incorporates paragraphs 1-17.

19.     47 U.S.C. §227(b) restricts the use of automated telephone equipment, as follows: provides:

> **(1)     Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –**
>
> **(A)     to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing**

**system or an artificial or prerecorded voice –**

**(iii)      to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call....**

20.      Under 47 U.S.C. §227(b)(3), individuals have a private right of action for TCPA violations:

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State –**

**(A)      an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B)      an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C)      both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

21.      FAR violated the TCPA by placing automated calls to plaintiff's cell phone, or causing such calls to be placed.

## CLASS ALLEGATIONS

22.      Plaintiff brings this claim on behalf of a class, consisting of all persons with numbers in the Illinois area codes [217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872] who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, received automated calls from defendant, where defendant's records do not show that the person provided the number to it, or to the original creditor (for example, where the number was obtained through skip tracing or captured by defendant's own equipment from an inbound call).

23.      The class is so numerous that joinder of all members is impractical.  Plaintiff

3

alleges on information and belief that there are more than 40 members of the class.

24. There common questions of law and fact that predominate over questions affecting only individual class members. These common questions include:

> (A) Whether FAR engaged in a pattern of using automated equipment to place calls to cellular telephones;
>
> (B) What actions it took to obtain the cell phone numbers, and
>
> (C) Whether FAR thereby violated the TCPA.

25. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

26. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against FAR is small because it is not economically feasible to bring individual actions.

27. Several courts have certified suits brought by individuals under the TCPA as class actions. *Sadowski v. Med1 Online LLC*, 1:07CV2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *Hinman v. M & M Rental Center*, 1:06CV1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D.Wash. 2007); *Gortho Ltd., v. Websolv*, 03 CH 15615 (Cook Co. Cir. Ct., March 6, 2008); *Travel 100 Group, Inc. v. Empire Cooler Service Inc.,* 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Lampkin v. GGH Inc.*, 146 P.3d 847 (Okla. Ct. App. 2006); *Display South, Inc. v. Express Computer Supply Inc.*, 961 So.2d 451, 455 (La. Ct. App. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. Ct. App. 2008); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 50 P.3d 844 (Ariz. Ct. App. 2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind. Ct. App. 2003); *Nicholson v. Hooters of Augusta*

*Inc.*, 537 S.E.2d 468 (Ga. App. Ct. 2000). See *Texas v. American Blast Fax Inc.,* 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

28.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions (such as, *e.g.*, claims for securities fraud. WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against the defendant for

      (A)     statutory damages;

      (B)     an injunction against further violations;

      (C)     costs of suit; and

      (D)     such other relief as the Court finds proper.

## COUNT II – FDCPA – INDIVIDUAL CLAIM

29.     Plaintiff incorporates paragraphs 1-17.

30.     Defendant violated 15 U.S.C. §§1692e, 1692e(4) and 1692e(5), by representing to plaintiff that if she did not pay the bill she would be put in jail.

31.     Plaintiff was harassed and upset by these statements.

      WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

      (1)     Actual damages;

      (2)     Attorney's fees, litigation expenses and costs of suit;

      (3)     Such other or further relief as the Court deems proper.

              s/Daniel A. Edelman
              Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN COMBS LATTURNER & GOODWIN LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

5

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any  recovery herein for 1/3 or such amount as a court awards.  All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN COMBS LATTURNER & GOODWIN LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\28814\Pleading\Complaint_Pleading.wpd